JOON H. KIM
Acting United States Attorney for the
Southern District of New York
Attorney for Plaintiff
By: ELIZABETH TULIS
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2725
Fax: (212) 637-2702
Email:  elizabeth.tulis@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
:
UNITED STATES OF AMERICA, :
:
Plaintiff, :
: **COMPLAINT**
v. :
: 17 Civ. 5973
FRASIEKENJES, LLC, :
:
Defendant. :
:
------------------------------------------------------------------------ X

Plaintiff United States of America (the "United States"), by and through its attorney, Joon H. Kim, Acting United States Attorney for the Southern District of New York, alleges upon information and belief as follows:

## NATURE OF THE ACTION

1.  The United States seeks injunctive and other appropriate relief based on defendant Frasiekenjes, LLC's ("Defendant's") violations of the Lanham Act and New York General Business Law, and in particular its use of certain indicia owned by the U.S. Department of the Army in a manner that falsely suggests that Defendant's business is associated with, or endorsed and approved by, the United States Military Academy at West Point ("USMA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 15 U.S.C. §§ 1116, 1121, 28 U.S.C. §§ 1331, 1338, and 13 U.S.C § 1345.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391.

## THE PARTIES

4. Plaintiff, the United States of America, is acting on behalf of its departments and agencies, and in particular, the Department of the Army and the USMA.

5. Upon information and belief, defendant Frasiekenjes, LLC, is a limited liability company located at 72 Alley Road, Lagrangeville, NY 12540, and is the owner of the establishment at 441 Main Street, Highland Falls, New York 10928.

## THE ARMY AND ITS TRADEMARKS

6. The USMA is a subordinate organization of the Department of the Army. 10 U.S.C. §§ 4331-4362.

7. The name "West Point" has been uniquely associated with the USMA since the Academy's founding in 1802. The USMA has engaged in the mission of training and educating the next generation of officers in the United States Army since 1802.

8. The USMA's athletic teams have continuously used the nickname "Black Knights" as far back as the 1940s, and officially since 1999.

9. The USMA has built up valuable goodwill in the "Black Knights" wordmark since the 1940s. The "Black Knights" wordmark has come to be associated with the USMA by the public, nationwide, as the nickname of all the USMA's athletic teams as reflected by its use

in print, visual and social media, especially in the promotion of the annual Army-Navy football game, which averages over six million viewers per year.

10. The Department of the Army currently holds three trademark registrations for "Black Knights": Reg. No. 2699081, originally registered in March 2003; Reg. No. 3711271, originally registered in November 2009; and Reg. No. 5176324, registered in 2017. The USMA has been charged with the care and protection of these registrations.

11. By complying with 15 U.S.C. § 1065, trademark registrations No. 2699081 and No. 3711271 are now incontestable. These registrations are conclusive evidence under 15 U.S.C. § 1115(b) of the ownership of the registered marks by the United States, of the validity of the marks, and of the USMA's exclusive right to use the marks in commerce.

12. As a result of the extensive use by the USMA of the Black Knights word mark in connection with Army Names, commercial goods, televised sporting events, as well as additional media attention and publicity, the Black Knights word mark has acquired incalculable goodwill and value, and is now recognized throughout the United States and the world as being uniquely and unmistakably associated with the USMA.

13. The official colors of the USMA's athletic teams are black, gold, and gray. The colors of black, gold and gray were officially adopted by the USMA in 1899 because of a need for distinctive colors to represent the intercollegiate athletic teams.

14. The West Point Crest has been in use since 1898.

15. The USMA has built up valuable goodwill in the West Point Crest mark since 1898 and it has come to be associated with the USMA by the public, not only nationwide, but worldwide.

16.     The Department of the Army currently holds three trademark registrations for the West Point Crest: Reg. No. 1274265, originally registered in 1984; Reg. No. 1261989, originally registered in 1983; and Reg. No. 5098340, originally registered in 2016. In addition, the Department of the Army has ten pending applications for registration of the West Point Crest. The USMA has been charged with the care and protection of these registrations.

17.     By complying with 15 U.S.C. § 1065, trademark Registrations No. 1274265 and No. 1261989 are now incontestable.  These registrations are conclusive evidence under 15 U.S.C. § 1115(b) of the ownership of the registered marks by the United States, of the validity of the marks, and of the USMA's exclusive right to use the marks in commerce.

18.     As a result of the extensive use by the USMA of the West Point Crest mark in connection with Army Names, commercial goods, as well as media attention and publicity, the West Point Crest mark has acquired incalculable goodwill and value, and is now recognized throughout the United States and the world as being uniquely and unmistakably associated with the USMA.

## DEFENDANT'S WRONGFUL CONDUCT

19.     Defendant is engaged in the business of alcohol sales located at 441 Main Street, Highland Falls, NY. Highland Falls is the town just outside the gates of the USMA.

20.     Defendant applied for and received a liquor license from the New York State Liquor Authority in April 2016. On or about September 20, 2016, a sign was placed in the window of 441 Main Street, Highland Falls, NY. It read "Black Nights Wine and Spirits coming soon." A photograph of the Army Football Team in uniform in a locker room, as well as other USMA paraphernalia, was also placed in the window.

21. On or about September 29, 2016, the USMA mailed a first Cease and Desist letter to the store at 441 Main Street, Highland Falls, New York 10928. The letter demanded that the business cease use of "Black Night" in connection with the business's goods and services by October 15, 2016. A copy of this Cease and Desist letter is attached hereto as Exhibit A.

22. Within weeks after the mailing of the first Cease and Desist letter, a more permanent sign reading "Black Nights Wine and Spirits" in black and gold lettering was placed above the storefront. In addition, other items associated with and distinct to the USMA were placed in and around the store. Specifically, a wooden statue of an Army cadet in full dress uniform was placed outside the store on the sidewalk, and paraphernalia and memorabilia associated with the USMA were placed in the store window. At one point, the cadet statue was wearing a vest bearing the phrase "All for the Corps," that phrase being associated with activities internal to the USMA, the revenue from which is reinvested back into the Corps of Cadets. The use of the vest has since ceased.

23. The USMA mailed a second Cease and Desist Letter to the store on or about October 18, 2016. A copy of this Cease and Desist Letter is attached hereto as Exhibit B.

24. When the store failed to comply, the USMA mailed a third Cease and Desist letter to the address for the Defendant on file with the New York Secretary of State, 72 Alley Rd, Lagrangeville, NY 12540. This Cease and Desist letter demanded compliance by November 15, 2016. A copy of this Cease and Desist Letter is attached hereto as Exhibit C.

25. The store still failed to comply, and on February 24, 2017, the United States Attorney's Office for the Southern District of New York sent a fourth Cease and Desist letter, by Certified Mail, to Defendant at 72 Alley Rd, Lagrangeville, NY 12540. A copy of this Cease and Desist Letter is attached hereto as Exhibit D. The United States Attorney's Office also sent a

Cease and Desist letter, on or around the same date, by Certified Mail, to the store at 441 Main Street, Highland Falls, NY 10928. A copy of this Cease and Desist letter is attached hereto as Exhibit E.

26. The store at 441 Main Street, Highland Falls, NY 10928, continues to display a permanent sign reading "Black Nights Wine and Spirits," in the black and gold colors of the USMA's athletic teams, and to display the wooden statue of the cadet. In addition, there is now a West Point flag with the West Point Crest flying outside the store, and a photograph of West Point cadets displayed in the store window.

27. Defendant's continuing use of the confusingly similar trade name, "Black Nights Wine and Spirits," constitutes an infringement and violation of the Department of the Army's rights in its name.

28. Defendant has infringed the Department of the Army's marks in interstate commerce by various acts, including by advertising its confusingly similar trade name of "Black Nights Wine and Spirits" on the internet.  For example, defendant's use of the confusingly similar trade name of "Black Nights Wine and Spirits" is reflected on FACEBOOK online at https://www.facebook.com/Black-Nights-Wine-Spirits-221336661635431/.  Exhibits F-G accompanying this pleading comprise saved copies of screenshots of the aforementioned FACEBOOK page as it appeared on June 16, 2017.  Exhibits F-G illustrate the use of the confusingly similar trade name of "Black Nights Wine and Spirits" to denote Defendant's business alongside visual representations that deepen the association between Defendant's business and the USMA (black and gold coloring, the aforementioned wooden statue of the cadet, and other Army paraphernalia).

29. Unless restrained by this Court, Defendant threatens to and will continue to use the name "Black Nights Wine and Spirits" in violation of the Department of the Army's rights.

30. Defendant threatens to, and unless restrained will continue to, use the name "Black Nights Wine and Spirits," to the irreparable injury of the USMA's goodwill and brand reputation, as well as to the unjust enrichment of Defendant.

31. Defendant's display of the West Point Flag with West Point Crest outside its store also constitutes an infringement and violation of the Department of the Army's rights in the West Point Crest mark. Absent restraint, Defendant's display of the flag bearing the West Point Crest mark will cause irreparable injury to the USMA's goodwill and brand reputation, and allow the unjust enrichment of Defendant.

32. In addition to the fact that Defendant is using Plaintiff's goodwill and brand reputation for its own enrichment, the use of Plaintiff's registered marks is in direct violation of both Department of the Army and USMA Policies. The Department of the Army is highly concerned with the use of alcohol among its soldiers and is committed to deglamorizing its use. Army Substance Abuse Program, Dept. of Army Reg. 600-85, (Dec. 2, 2009). Additionally, it is against the USMA's Licensing Policy to allow the use of the USMA's marks on, or associated with, alcoholic beverages.

### FIRST CLAIM FOR RELIEF
(Use of false designations of origin, or false description, or false representation – Black Knights Word Mark)

33. The allegations in paragraphs 1 through 32 are repeated and re-alleged as though set forth fully in this paragraph.

34. The Department of the Army's uses of its Black Knights word mark since the 1940s have established in the minds of the public an association between the USMA and the

7

Black Knights word mark.  The Black Knights word mark, when used in conjunction with USMA Names, and other forms thereof, is inherently distinctive and has secondary meaning as an identification of the origin of goods or services of the USMA.

35. Without the permission of USMA, Defendant has used the confusingly similar trade name of "Black Nights Wine and Spirits" for its business.

36. Defendant's business's name, "Black Nights Wine and Spirits," is not only substantially similar, but when spoken is identical to the "Black Knights" wordmark.

37. Defendant has used the trade name of "Black Nights Wine and Spirits" in interstate commerce.

38. As a direct consequence of Defendant's actions, members of the general public are likely to be, and have been, deceived or confused into believing that Defendant's business is authorized, sponsored, or approved by the USMA.

39. As a direct consequence of Defendant's actions, the general public are likely to be, and have been, deceived or confused into believing that there exists an affiliation, connection, or association between Defendant's business and USMA.

40. Defendant's purpose in adopting and using the confusingly similar trade name of "Black Nights Wine and Spirits" is to deceive or confuse the public into believing that Defendant's business is authorized, sponsored, or approved by the USMA, so as to enable Defendant to profit from the USMA's substantial fame, reputation, and goodwill in the USMA's marks.

41. Defendant's use of the confusingly similar trade name of "Black Nights Wine and Spirits" constitutes a false designation of origin, or a false description, or a false representation

which is likely to cause confusion, to cause mistake, and to deceive, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

### SECOND CLAIM FOR RELIEF
(Use of false designations of origin, or false description, or false representation – West Point Crest Mark)

42. The allegations in paragraphs 1 through 41 are repeated and realleged as though set forth fully in this paragraph.

43. The Department of the Army's uses of its West Point Crest mark since the 1940s have established in the minds of the public an association between the USMA and the West Point Crest mark. The West Point Crest mark, when used in conjunction with USMA Names, and other forms thereof, is inherently distinctive and has secondary meaning as an identification of the origin of goods or services.

44. Without the permission of USMA, Defendant has used the West Point Crest mark for its business.

45. Upon information and belief, Defendant has used the West Point Crest mark in interstate commerce.

46. As a direct consequence of Defendant's actions, the general public are likely to be, and have been, deceived or confused into believing that Defendant's business is authorized, sponsored, or approved by the USMA.

47. As a direct consequence of Defendant's actions, members of the general public are likely to be, and have been, deceived or confused into believing that there exists an affiliation, connection, or association between Defendant's business and USMA.

48. Defendant's purpose in adopting and using the West Point Crest mark is to deceive or confuse the public into believing that Defendant's business is authorized, sponsored,

or approved by the USMA, so as to enable Defendant to profit from the USMA's substantial fame, reputation, and goodwill in the USMA's marks.

49. Defendant's use of the West Point Crest constitutes a false designation of origin, or a false description, or a false representation which is likely to cause confusion, to cause mistake, and to deceive, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

**THIRD CLAIM FOR RELIEF**
(Infringement of Trademark "BLACK KNIGHTS" Under 15 U.S.C. § 1114)

50. The allegations in paragraphs 1 through 49 are repeated and realleged as though set forth fully in this paragraph.

51. The Department of the Army of the United States adopted the mark BLACK KNIGHTS and has used it in interstate commerce for various goods and services. Three marks have been registered in the United States Patent and Trademark Office on the Principal Register under the Act of 1946 as United States Patent and Trademark Office Registration Numbers 2699081, 3711271, and 5176324. Copies of these registrations are attached hereto as Exhibits H-J accompanying this pleading. Said registrations are now outstanding and valid.

52. Defendant has infringed these registered marks in interstate commerce by its use of the confusingly similar trade name of "Black Nights Wine and Spirits" on its signs at the store and as further spread through internet advertising on FACEBOOK, in violation of the Lanham Act, 15 U.S.C. § 1114.

**FOURTH CLAIM FOR RELIEF**
(Infringement of West Point Crest Mark Under 15 U.S.C. § 1114)

53. The allegations in paragraphs 1 through 52 are repeated and realleged as though set forth fully in this paragraph.

54.     The Department of the Army of the United States adopted the West Point Crest Mark and has used it in interstate commerce for various goods and services.  Three marks have been registered in the United States Patent and Trademark Office on the Principal Register under the Act of 1946 as United States Patent and Trademark Office Registration Numbers 1274265, 1261989, and 5098340.  Copies of these registrations are attached hereto as Exhibits K-M accompanying this pleading.  Said registrations are now outstanding and valid.

55.     Defendant has infringed these registered marks in interstate commerce by its use and display of the West Point Crest at its business in violation of the Lanham Act, 15 U.S.C. § 1114.

<b><u>FIFTH CLAIM FOR RELIEF</u></b><br>(Dilution by Tarnishment – Black Knights Word Mark)

56.     The allegations in paragraphs 1 through 55 are repeated and realleged as though set forth fully in this paragraph.

57.     The Department of the Army-owned word mark "Black Knights" has long been used in connection with the USMA and its athletic teams and has been the subject of substantial advertising and promotion throughout the United States. As such, it is widely recognized and it is deeply associated in the public's mind with the prestige and honor of the USMA and is thus a distinctive and strong mark under New York General Business Law § 360–l.

58.     Defendant's business's name, "Black Nights Wine and Spirits," is not only substantially similar, but when spoken is identical to the "Black Knights" word mark.

59.     Defendant's use of the "Black Nights Wine and Spirits" name creates an association between the Department of the Army's mark and Defendant's business that harms the reputation of the Department of the Army's mark through the association of USMA with an

alcoholic beverage sales business, with the result that it is likely to undermine or damage the positive associations evoked by the West Point Crest mark.

60. Defendant's use of the confusingly similar trade name of "Black Nights Wine and Spirits" constitutes dilution by tarnishment under New York General Business Law § 360–l.

## SIXTH CLAIM FOR RELIEF
(Dilution by Tarnishment – West Point Crest Mark)

61. The allegations in paragraphs 1 through 60 are repeated and realleged as though set forth fully in this paragraph.

62. The Department of the Army-owned West Point Crest mark has long been used in connection with the USMA and its athletic teams and has been the subject of substantial advertising and promotion throughout the United States. As such, it is widely recognized and it is deeply associated in the public's mind with the prestige and honor of the USMA and is thus a distinctive and strong mark under New York General Business Law § 360–l.

63. Defendant's use of the West Point Crest mark, as displayed on the West Point Flag, creates an association between the Department of the Army's mark and Defendant's business that harms the reputation of the Department of the Army's mark through the association of USMA with an alcoholic beverage sales business, with the result that it is likely to undermine or damage the positive associations evoked by the West Point Crest mark.

64. Defendant's use of the West Point Crest mark constitutes dilution by tarnishment of the distinctive mark under New York General Business Law § 360–l.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that this Court enter judgment against Defendant and grant the following relief:

(a) An injunction enjoining Defendant and its officers, directors, employees, agents, subsidiaries, affiliates, agencies, and/or instrumentalities from using the "Black Nights Wine and Spirits" name.

(b) An injunction enjoining Defendant and its officers, directors, employees, agents, subsidiaries, affiliates, agencies, and/or instrumentalities from displaying or otherwise using the West Point Crest, including any flag, banner, or other item on which that mark appears.

(c) An Order pursuant to 15 U.S.C. § 1116 requiring that Defendant file and serve a report under oath within thirty (30) days of the issuance of injunctive relief indicating the manner in which it has complied with the injunctive relief ordered by the Court;

(d) An Order awarding the United States reasonable attorney's fees in prosecuting this action; and

(e) Such other and further relief which the Court deems just and proper.

Dated: New York, New York
August 8, 2017

        JOON H. KIM
        Acting United States Attorney for the
        Southern District of New York
        *Attorney for Plaintiff United States of America*

By: /s/ Elizabeth Tulis
     ELIZABETH TULIS
     Assistant United States Attorney
     86 Chambers Street
     New York, New York 10007
     Telephone: (212) 637-2725
     Facsimile: (212) 637-2702
     Email: elizabeth.tulis@usdoj.gov